UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP LEROY HAMMOND,

    Movant,

                 File No. 1:05-CV-525

v.

                 HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **OPINION**

 This matter comes before the Court on Movant Phillip Leroy Hammond's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

### **I.**

 On December 12, 2001, Movant was convicted by a jury of multiple counts of conspiracy to defraud the United States, use of fictitious obligations intended to defraud, and creation of fraudulent documents, in violation of 18 U.S.C. §§ 371, 514, and 26 U.S.C. § 7206, respectively. On May 21, 2002, he was sentenced to concurrent terms of 60 months on Count 1, 108 months on Counts 8 and 9, and 36 months on Counts 31 and 32. Movant did not appeal his convictions or sentences.

 On July 27, 2005, Movant filed the instant § 2255 motion.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  No evidentiary hearing is required if the

petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).  Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial.  *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Movant contends that his sentence was imposed in violation of *United States v. Booker*, 125 S. Ct. 738 (2005), because this Court increased his sentence based on findings of fact that were not found by a jury and were not admitted by Movant.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that a Washington state trial judge's enhancement of a defendant's sentence based on the judge's finding of deliberate cruelty violated the defendant's Sixth Amendment right to a trial by jury.  The decision called into question the constitutionality of both the State of Washington's sentencing guidelines and the federal sentencing guidelines.  In *Booker*, 125 S. Ct. 738, the Supreme Court applied the *Blakely* reasoning to the federal sentencing guidelines.  The *Booker* Court concluded that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment.  According to *Booker*, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by

3

the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*. at 756.

The *Booker* Court directed that its holding be applied to all cases on direct review. *Id.* at 769. A case is considered final and no longer on direct review when a "judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). The judgment of conviction was entered on May 23, 2002. Because Movant did not file a notice of appeal, his conviction became final no later than June 6, 2002, upon the expiration of the 10-day period for filing such notice of appeal. *See Clay v. United States*, 537 U.S. 522, 524-25 (2005); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Movant's case therefore no longer was on direct review when *Booker* was decided on January 12, 2005.

The Sixth Circuit explicitly has held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to § 2255 cases on collateral review. *See Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir. 2005). In *Humphress*, the district court had enhanced the petitioner's sentence by nine points based on factual findings, at least some of which had not been found by the jury. The Sixth Circuit concluded that, although *Booker* and *Blakely* were "new rules" of criminal procedure, they did not meet the criteria set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989), for retroactive application to cases on collateral review. Specifically, the *Humphress* court found that the new rules do not

4

forbid punishment of certain primary conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense. *See Humphress*, 398 F.3d at 860-63. Furthermore, they are not "watershed rules" that implicate the fundamental fairness and accuracy of the criminal proceeding. *See id*.

Based on the clear holding in *Humphress*, Movant is not entitled to relief on his motion because *Booker* does not retroactively apply to cases that were final before January 12, 2005.

In the alternative, Movant asserts that his attorney rendered ineffective assistance of counsel by not preserving and appealing the Sixth Amendment issue ultimately decided in *Booker*. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard

5

to attack).  The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if he was not prejudiced by counsel's error.  *Id.* at 691.  To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  To determine if the defendant was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome.  *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

When deciding a claim of ineffective assistance of counsel, a court "need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697).  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

Defendant cannot demonstrate that counsel's performance fell below an objective standard of reasonableness.  *See Strickland*, 466 U.S. at 688.  At the time of Defendant's

sentencing in 2002, the Sixth Circuit had held that judicial factfinding under the federal sentencing guidelines did not violate the Sixth Amendment under the reasoning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Harris*, 238 F.3d 777, 779 (6th Cir. 2001); *United States v. Johnson*, 24 Fed. Appx. 376, 380 (6th Cir. 2001); *United States v. Elliott*, No. 99-5994, 2000 WL 1175600 (6th Cir. Aug. 9, 2000).   Moreover, even following the decision in *Blakely*, 542 U.S. 296, which extended the reasoning of *Apprendi* to factors enhancing state sentencing guidelines, the Sixth Circuit continued to hold that the decisions did not apply to the federal sentencing guidelines. *See United States v. Koch*, 383 F.3d 436, 442 (6th Cir. 2004).  As a result, only after the issuance of the *Booker* decision in 2005 did it become clear that judicial factfinding under the federal sentencing guidelines could violate the Sixth Amendment.   Accordingly, on the basis of the law as it existed at the time Defendant was sentenced, counsel's advice not to appeal was objectively reasonable and did not constitute ineffective assistance of counsel. *See United States v. Burgess*, 142 Fed. Appx. 232, 241 (6th Cir. 2005) (failure to predict Supreme Court's decision in *Booker* does not constitute ineffective assistance); *United States v. Bradley,* 400 F.3d 459, 463 (6th Cir. 2005) ("[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature.  A valid plea agreement, after all, requires knowledge of existing rights, not clairvoyance."); *Green v. United States*, 65 F.3d 546, 551(6th Cir. 1995) (lawyer's failure to predict Sixth Circuit's approach to law did not constitute ineffective

assistance of counsel); *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995) ("Defendant faults his former counsel not for failing to find existing law, but for failing to predict future law.  We agree . . . that clairvoyance is not a required attribute of effective representation."); *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981) (holding that "counsel is normally not expected to foresee future new developments in the law").

Accordingly, Hammond's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 must fail.[1]

## IV.

The files and records in this case conclusively show that the Movant is not entitled to relief under § 2255.  Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.  For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.  An order consistent with this opinion will be entered.

Date:   December 16, 2005          /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE

---

[1]The Court notes that, in addition to being substantively meritless, the motion is time-barred because it was filed more than one year after Defendant's conviction became final, pursuant to § 2255 ¶ 6(1).  Defendant contends that his motion is not barred by the statute of limitations because it was filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."  28 U.S.C. § 2255, ¶ 6(3).  As previously discussed, however, *Booker* is not retroactively applicable to cases on collateral review.  Accordingly, Section 2255 ¶ 6(3) is inapplicable to determining the limitations period.